IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CLARENCE DOUGLAS TANKERSLEY                                                      PLAINTIFF

v.                                                                                                      No. 4:23CV21-DAS

WARDEN BRANDON SMITH, ET AL.                                                      DEFENDANTS

ORDER *DISMISSING* CASE FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF COULD BE GRANTED

On October 24, 2023, the court ordered [10] the plaintiff to show cause why the instant case should not be dismissed for failure to state a claim upon which relief could be granted. The plaintiff has not responded to the court's order, and the deadline to do so has expired. For the reasons set forth below, the plaintiff has not shown cause, and the instant case will be dismissed with prejudice for failure to state a valid claim under 42 U.S.C. § 1983.

### Allegations

The plaintiff alleges that the defendants have denied him a custody classification upgrade because they have attributed arrests and detainers to him without providing him information about them so that he might contest them. In other words, he argues that the defendants have denied his request for less restrictive custody classification without due process of law. As discussed below, the plaintiff's allegations fail to state a claim upon which relief could be granted.

### Classification

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957,

958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). Without a protectable liberty or property interest at stake, the plaintiff cannot bring a claim for violation of due process. *See Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). The plaintiff has not identified any "extreme circumstances" in this case which would warrant judicial interference.

For these reasons, the plaintiff's allegations that the defendants violated his right to due process in deciding his custody classification fail to state a valid claim for relief under 42 U.S.C. § 1983. As such, the instant case is **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted, counting as a **"STRIKE"** under 28 U.S.C. § 1915(g).

**SO ORDERED**, this, the 17th day of November, 2023.

/s/ David A. Sanders  
DAVID A. SANDERS  
UNITED STATES MAGISTRATE JUDGE